UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAMON RUSSELL,

        Petitioner,

v.                                                Case Number 08-10381-BC
                                                Honorable Thomas L. Ludington

BLAINE LAFLER,

        Respondent.

_____/

## OPINION AND ORDER DENYING THE MOTION FOR ORAL ARGUMENT AND ORDERING RESPONDENT TO FILE THE RULE 5 MATERIALS

Petitioner's objections to Respondent's failure to file the Rule 5 materials, and his motion for oral argument are before the Court. Petitioner filed an application for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 on January 25, 2008. On January 30, 2008, Magistrate Judge R. Steven Whalen issued an order of responsive pleadings, requiring Respondent to file the Rule 5 materials. Respondent filed an answer to the habeas petition on August 4, 2008. Respondent, however, has yet to file the Rule 5 materials. For the reasons stated below, the motion for oral argument will be denied without prejudice. The Court, however, will order Respondent to file the Rule 5 materials with the Court within thirty days of this order.

A federal district court does not abuse its discretion in denying oral argument on a habeas petition when a brief has been filed and there is no claim that the habeas petitioner's contentions were not fully set forth in the brief. *See United States ex. rel. Darrah v. Brierley*, 415 F.2d 9, 12 (3d Cir. 1969). Because petitioner's brief in support of his petition for writ of habeas corpus extensively covers the issues before the Court, oral argument is not necessary. *See United States ex. rel. Garrett v. Anderson*, 391 F.Supp. 174, 176 (D. Del. 1975). Petitioner's motion will be reconsidered if,

following review of the responsive pleadings and Rule 5 materials, the Court determines that oral argument is necessary.

Rule 5 requires a respondent to attach to its answer the relevant portions of the transcripts of the state court proceedings, if available, and a court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. *See also Chavez v. Morgan*, 932 F.Supp. 1152, 1153 (E.D. Wis. 1996) (stating that the appropriate response to a habeas petition is "an 'answer' which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions"). "When this information is required, it is the State's responsibility to provide it." *Griffin*, 308 F.3d at 654.

The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and when "substantial portions of that transcript were omitted before the [d]istrict [c]ourt," the Sixth Circuit will remand the case "for consideration in light of the full record." *See Adams v. Holland,* 330 F.3d 298, 406 (6th Cir. 2003). It is reversible error for a district court to fail to review the transcripts upon which a habeas petitioner's claims are dependent. *See Shaw v. Parker*, 27 F.App'x 448, 450 (6th Cir. 2001). Thus, the Court will order Respondent to file the Rule 5 materials in this case.

Accordingly, it is **ORDERED** that Petitioner's motion for oral argument [dkt # 9] is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that Respondent file the Rule 5 materials or **SHOW CAUSE** in writing as to why they are unable to comply with this order on or before **October 22, 2008**.

>s/Thomas L. Ludington
>THOMAS L. LUDINGTON
>United States District Judge

Dated: September 22, 2008

<div style="border:1px solid black; background-color:#ccc; padding:10px;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 22, 2008.

>s/Tracy A. Jacobs
>TRACY A. JACOBS

</div>