UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAMON RUSSELL,

    Petitioner,

v.

                                      Case Number 08-10381-BC
                                      Honorable Thomas L. Ludington

BLAINE LAFLER,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

    Petitioner Ramon Russell is presently confined at the Carson City Correctional Facility in Carson City, Michigan, and has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in the St. Clair County Circuit Court and sentenced to twenty to fifty years imprisonment on one count of armed robbery, Mich. Comp. Laws § 750.529; fifty-seven to four-hundred and eighty months on one count of possession with intent to deliver less than fifty grams of cocaine, *id.* § 333.7401(2)(a)(iv); thirty-four to one-hundred and twenty months imprisonment on one count of third-degree fleeing and eluding, *id.* § 750.479a(3); thirty-four to one-hundred and twenty months imprisonment on each of two counts of attempting to take a firearm from a peace officer, *id.* § 750.479b(2); and being a third habitual offender, *id.* § 769.11.

    Petitioner's conviction was affirmed on appeal. *People v. Russell*, No. 252737, 2005 WL 50191 (Mich. Ct. App. Jan. 11, 2005), leave denied, 702 N.W.2d 584 (2005). Petitioner's post-conviction motion for relief from judgment was also denied. *People v. Russell*, No. 03-000510 (St.

Clair County Cir. Ct., July 31, 2006). Petitioner did not appeal the denial of his post-conviction motion to the Michigan appellate courts. Petitioner has now filed an application for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

> I. Petitioner was deprived of his Sixth Amendment right to effective assistance of counsel when the trial counsel failed to seek severance of charges alleged arising from separate offenses occurring on different days and/or times which also violated Petitioner's due process rights to a fair trial.
>
> II. The Prosecutor's actions denied Petitioner a fair trial and his due process rights under the Michigan and federal constitutions.
>
> III. The convictions for possession of cocaine should be overturned because there was insufficient credible evidence to prove that Petitioner committed the crimes charged.
>
> IV. Perjury of witness testimony and/or statements before trial in reports and pre-examination and trial.

Each of Petitioner's claims is either procedurally defaulted or lacks merit, thus, his petition will be denied. Petitioner also seeks to amend his habeas petition to add a claim that the sentencing court incorrectly applied the sentencing guidelines and imposed an incorrect burden of proof violating his Sixth Amendment and Due Process rights. Amendment of the petition to state this claim would be futile and Petitioner's motion to amend will be denied.

I

Petitioner has provided a detailed statement of facts in his petition for writ of habeas corpus. In contrast, Respondent has not provided a counter-statement of facts or disputed Petitioner's allegations. Thus, the Court will accept Petitioner's factual allegations as true, to the extent that they are consistent with the record. *Dickens v. Jones*, 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002). The facts of the case have been repeated numerous times, but the Court will provide a brief overview. *Nevers v. Killinger*, 990 F.Supp. 844, 847 (E.D. Mich. 1997).

At trial, witness Clinton DeVooght testified that he knew Petitioner as a supplier of illegal drugs, and that he had purchased illegal drugs from Petitioner on four or five occasions. On December 30, 2002, Petitioner arrived at DeVooght's home, ostensibly to sell him some marijuana. DeVooght gave Petitioner fifty dollars to buy drugs. After taking DeVooght's money, Petitioner made at least one phone call, told DeVooght that he would be back in ten or fifteen minutes, and left the apartment. When Petitioner returned to the apartment, he told DeVooght that he needed to use the restroom. However, Petitioner also approached Devooght, pointed a revolver at him, and demanded money. A struggle ensued between the two men. DeVooght grabbed a leg off of a chair and attempted to use it as a weapon. DeVooght ran into the bathroom and attempted to shut the door. Petitioner attempted to get into the bathroom three or four times, but DeVooght fought him off. During the struggle, DeVooght observed Petitioner going through his dresser drawer. Petitioner grabbed DeVooght's checkbook, his identification and some money, then left. DeVooght followed Petitioner outside and observed him get into a gray Jeep Cherokee Sport with license plate number JTX 007.

On December 31, 2002, the police attempted to pull over Petitioner, because he was a suspect in the armed robbery of DeVooght. Petitioner lead the police on a high speed chase. Officer Joel Wood testified that following a lengthy car chase, Petitioner fled on foot. During the foot chase, Officer Wood observed Petitioner holding onto his coat, as if he was attempting to keep an object from falling out of his coat.

Detective Scott VanSickle of the Port Huron Police Department testified that he was the evidence technician on Petitioner's case. Officer VanSickle testified that he recovered some evidence from the location where Petitioner had been arrested that night, including DeVooght's

-3-

checkbook and other personal belongings. VanSickle returned the following day to the scene of Petitioner's arrest with a police tracking dog to retrace Petitioner's path. While retracing the route of Petitioner and the pursuing officers, VanSickle discovered a baggie containing seven rocks of crack cocaine. Port Huron Police Department Detective Joseph Platzer testified that seven rocks of crack cocaine is considered a dealer's quantity of crack cocaine. Platzer based his opinion on his training and experience over six years with the Special Crimes Unit, including a two year assignment to the St. Clair County Drug Task Force.

II

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of

federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

### III

### A

First, Petitioner contends that he was deprived of the effective assistance of counsel because his trial counsel failed to request severance of the criminal charges when they occurred on different days and times. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test to determine whether a criminal defendant has received ineffective assistance of counsel. First, the convicted person must prove that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the convict must show that counsel's deficient performance prejudiced him. Prejudice is established by a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.* The Supreme Court emphasized that a reviewing court should afford counsel great deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent to making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant

> must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689 (internal citations and quotations omitted).

The Supreme Court explained that to establish deficient performance, a habeas petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In applying *Strickland*, the Sixth Circuit has stated that a reviewing court must focus on whether counsel's alleged errors "have undermined the reliability of and confidence in the result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996).

"[U]nder Michigan law, severance is required only when a defendant shows that it is necessary to avoid prejudice to his substantial rights." *Clark v. McLemore*, 291 F. Supp. 2d 535, 545 (E.D. Mich. 2003) (citing Mich. Ct. R. 6.121(C)). "[T]here is no absolute right to a separate trial, and joint trials are strongly favored 'in the interest of justice, judicial economy and administration.' " *Id.* (quoting *People v. Etheridge*, 492 N.W.2d 490, 495 (Mich. Ct. App. 1992)). Severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *People v. Hana*, 524 N.W.2d 682, 689-90 (Mich. 1994) (internal quotation omitted). Finally, under Michigan Court Rule 6.120(B), a court must sever offenses that are not "related." The rule defines related offenses as those that are "based on (1) the same conduct, or (2) a series of connected acts or acts constituting part of a single scheme or plan." Mich. Ct. R. 6.120(B).

The Michigan Court of Appeals found that severance had not been required in Petitioner's case because the charges were related:

> Here, despite defendant's argument that he might not have fled the police because of the armed robbery, the armed robbery set all of the relevant events into motion: the police initially attempted to stop defendant because of the armed robbery, and, based on evidence collected by Officer Sickle, at that time defendant was still carrying DeVooght's checkbook and personal belongings. Thus, defendant's acts were not disconnected transactions, but were part of a continuing sequence of related events.

*Russell*, 2005 WL 50191, at *2. The Michigan Court of Appeals concluded that counsel was not ineffective for failing to move for separate trials because severance was not required. *Id.* Moreover, no reasonable argument could be made that Petitioner's armed robbery of DeVooght was legally unrelated to the subsequent police stop, Petitioner's flight from the police, and Petitioner's attempt to disarm the police. Based on the above, it is likely that the trial court would have denied any motion to sever that might have been brought by Petitioner or his trial counsel. *See, e.g.*, *Van v. Jones*, 475 F.3d 292, 314 (6th Cir. 2007). Thus, Petitioner is not able to show prejudice from counsel's failure to move for severance and the Court will deny the petition for habeas corpus on this claim.

B

Second, Petitioner contends that he was deprived of a fair trial due to prosecutorial misconduct. This claim is procedurally defaulted and the Court will deny the petition as to this claim. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *id.* at 752; fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); or fails to comply with a state procedural rule that required him to have done something at the trial court level to preserve the claimed error for appellate review, e.g., to make a contemporaneous objection or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust*, 17 F.3d at 162; *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001). In addition, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman*, 501 U.S. at 729-30. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground [] only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson*, 94 F.3d at 202. Whether the independent state ground is adequate to support the judgment is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 375 (2002). If the last state court from which the petitioner sought review affirmed the conviction both on the merits and, alternatively, on a procedural ground, the procedural default bar is invoked and the petitioner

must establish cause and prejudice in order for the federal court to review the petition. *Rust*, 17 F.3d at 161; *Williams v. Withrow*, 328 F. Supp. 2d 735, 750 (E.D. Mich. 2004).

In this case, the Michigan Court of Appeals found Petitioner's claim to be unpreserved because Petitioner had failed to object at trial; thus, the court reviewed the claim for plain error. The court concluded that Petitioner had failed to show that the prosecutor's remarks constituted plain error that affected his substantial rights. *Russell*, 2005 WL 50191, at *4. The fact that the Michigan Court of Appeals engaged in plain error review of Petitioner's claim does not constitute a waiver of the state procedural default. *See Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Instead, the Michigan Court of Appeals' review of Petitioner's claim for plain error is viewed as enforcement of the procedural default. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

Petitioner contends that any procedural default of his prosecutorial misconduct claim should be excused because of his counsel's failure to object to the misconduct. A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *see also Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). Although ineffective assistance of counsel may be cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Although Petitioner raised an ineffective assistance of counsel claim in the state court as to his counsel's failure to move for severance of the charges, Petitioner did not raise a claim on direct appeal regarding counsel's failure to object to the prosecutorial misconduct. Petitioner raised an ineffective assistance of counsel claim in his post-conviction motion. Petitioner does not indicate

in his petition whether he raised a specific claim involving counsel's failure to object to the prosecutorial misconduct and the Respondent has failed to provide this Court with a copy of Petitioner's post-conviction motion. However, it is undisputed that Petitioner did not appeal the denial of his post-conviction motion to the Michigan appellate courts.

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509, 7.203, 7.302. *See also Nasr v. Stegall*, 978 F.Supp. 714, 717 (E.D. Mich. 1997). A criminal defendant in Michigan has twelve months from the denial of a motion for relief from judgment by the trial court to file an application for leave to appeal with the Michigan Court of Appeals. Mich. Ct. R. 6.509(A), 7.205(F)(3). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has failed to exhaust his state court remedies. *Cox v. Cardwell*, 464 F.2d 639, 644-45 (6th Cir. 1972).

In the present case, Petitioner did not appeal the denial of his post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court, thus, he did not satisfy the exhaustion requirement with regard to any possible ineffective assistance of counsel claim that he would have raised in his post-conviction motion. *See, e.g.*, *Paffhousen v. Grayson*, 238 F.3d 423 (table), 2000 WL 1888659, at * 2 (6th Cir. Dec. 19, 2000) (finding that the petitioner did not fairly present his claims in his Rule 6.500 motion when he did not appeal the denial of the motion to the Michigan Court of Appeals and the Michigan Supreme Court); *Mohn v. Bock*, 208 F. Supp. 2d 796,

800 (E.D. Mich. 2002). Because Petitioner never exhausted in the Michigan courts a specific claim about trial counsel's failure to object to the prosecutorial misconduct, any alleged ineffectiveness of counsel cannot constitute cause to excuse Petitioner's default with respect to his prosecutorial misconduct claims. *See Wolfe v. Bock*, 412 F. Supp. 2d 657, 684 (E.D. Mich. 2006). The Court need not consider whether Petitioner has demonstrated actual prejudice because Petitioner has not established cause to excuse his procedural default. *See, e.g.*, *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. In this case, Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt*, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Petitioner's second claim is barred by procedural default and does not warrant habeas relief.

C

Third, Petitioner contends that there was insufficient evidence to convict him of armed robbery and possession with intent to deliver less than fifty grams of cocaine. Generally, "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt

of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* at 318-19 (internal citation omitted) (emphasis in original). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (internal citation omitted) (emphasis in original). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16.

Petitioner contends that there was insufficient evidence to convict him of armed robbery because DeVooght's testimony was inconsistent and not credible. DeVooght testified that Petitioner pointed a revolver at him and demanded his money. Petitioner took DeVooght's checkbook, identification, and money while armed with the revolver. The elements of armed robbery under Michigan law are: "(1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute." *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004) (citing Mich. Comp. Laws § 750.529, and *People v. Allen*, 505 N.W.2d 869, 871 (Mich. Ct. App. 1993)). When the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could conclude that Petitioner committed armed robbery.

In addition, Petitioner's challenge to DeVooght's credibility goes to the weight and not to

the sufficiency of the evidence. On habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000). Because there was sufficient evidence to convict Petitioner of the armed robbery charge, Petitioner is not entitled to habeas relief on this portion of his sufficiency of the evidence claim.

Petitioner also contends that there was insufficient evidence to convict him of possession with intent to deliver less than fifty grams of cocaine. Under Michigan law, possession with intent to deliver less than fifty grams of cocaine requires the prosecutor to prove that the recovered substance was cocaine and that the defendant knowingly possessed it with the intent to deliver. *People v. Wolfe*, 489 N.W.2d 748, 752 (Mich. 1992) (as amended); *Griffin v. Berghuis*, 298 F. Supp. 2d 663, 670 (E.D. Mich. 2004). A defendant's intent to deliver "may be proven by circumstantial evidence and also may be inferred from the amount of controlled substance possessed." *People v. Ray*, 479 N.W.2d 1, 2 (Mich. Ct. App. 1991).

In the present case, there was sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that Petitioner had possessed the cocaine found near the location where

he was arrested and that he intended to deliver it. DeVooght testified that he had known Petitioner as a supplier of illegal drugs and that he had purchased illegal drugs from him on four or five previous occasions. On the night of the robbery, DeVooght had given Petitioner fifty dollars to buy illegal drugs. Officer Wood testified that while chasing Petitioner on foot after the lengthy car chase, he witnessed Petitioner holding onto his coat, as if he was attempting to keep something from falling out. Detective VanSickle testified that he recovered DeVooght's checkbook and other personal belongings near where Petitioner was arrested. VanSickle returned the following day with a police tracking dog to retrace Petitioner's path. While retracing the route of Petitioner and the pursuing officers, VanSickle discovered a baggie containing seven rocks of crack cocaine. Finally, Detective Platzer testified that this amount was considered a dealer's quantity of crack cocaine. The Michigan Court of Appeals concluded that this evidence, when viewed in a light most favorable to the prosecution, was sufficient to prove Petitioner's possession and his intent to distribute cocaine. *Russell*, 2005 WL 50191, at *4. This Court agrees that there was sufficient circumstantial evidence for a rational trier of fact to conclude that Petitioner had been in possession of the cocaine recovered from the scene of the arrest and that he intended to deliver it. Accordingly, Petitioner is not entitled to habeas relief on his third claim.

D

Fourth, Petitioner contends that he was deprived of a fair trial because of perjury. Respondent contends that this claim is procedurally defaulted, because Petitioner failed to properly exhaust this claim with the state courts and no longer has an available remedy with which to exhaust this claim. Petitioner contends that his perjury claim was presented on direct appeal as part of his sufficiency of the evidence claim.

Procedural default is not a jurisdictional bar to review of a habeas petition on the merits. *Trest v. Cain*, 522 U.S. 87, 89 (1997). Moreover, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, because "the procedural default issue raises more questions than the case on the merits," for the sake of resolving the claim, it is assumed that there is no procedural default by Petitioner and the Court will decide the merits of the claims. *Falkiewicz v. Grayson*, 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003) (internal quotation omitted).

The deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice. *Giglio v. United States*, 405 U.S. 150, 153 (1972); *Anderson v. Jackson*, 567 F. Supp. 2d 973, 981 (E.D. Mich. 2008). Due process is denied when the prosecutor allows false evidence or testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (internal citations omitted). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant bears the burden of demonstrating that the statements were actually false, that the statements were material, and that the prosecutor knew they were false. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998); *Malcum,* 276 F. Supp. 2d at 684. A habeas petitioner must show that a witness' statement was "indisputably false," not merely misleading, to establish a claim of prosecutorial misconduct or a denial of due process based on the knowing use of false or perjured testimony. *Byrd v. Collins*, 209 F.3d 486, 517-18 (6th Cir. 2000).

Mere inconsistencies in a witness' testimony do not establish the knowing use of false testimony by the prosecutor. *Coe*, 161 F.3d at 343; *Malcum*, 276 F. Supp. 2d at 684. Additionally, the fact that a witness contradicts himself or herself or changes his or her story does not establish perjury. *Malcum*, 276 F. Supp. 2d at 684 (citing *Monroe v. Smith*, 197 F. Supp. 2d 753, 762 (E.D. Mich. 2001)). A habeas petition should be granted if perjury by a government witness undermines the confidence in the outcome of the trial. *Id.*

Petitioner has failed to establish that any witness committed perjury. Petitioner merely points to inconsistencies between the witnesses' trial testimony and their prior police statements. The alleged inconsistencies in the witnesses' testimony do not establish that the witnesses committed perjury, so as to entitle Petitioner to habeas relief on this claim.

IV

Also before the Court is Petitioner's motion to amend his petition to include a claim that the trial court incorrectly scored his guidelines range under the Michigan Sentencing Guidelines by considering factors that had not been submitted to a jury and proven beyond a reasonable doubt or conceded to by Petitioner. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing to Fed. R. Civ. P. 15). For the reasons stated below, Petitioner's motion to amend his petition will be denied.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review,

because it is a state law claim. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).

However, Petitioner also contends that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to determine his sentencing guidelines that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by Petitioner. Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), in which the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Petitioner's reliance on *Blakely* is misplaced because *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *People v. Drohan*, 715 N.W.2d 778, 789-90 (Mich. 2006) (citing Mich. Comp. Laws § 769.8); *People v. Claypool*, 684 N.W.2d 278, 286 n.14 (Mich. 2004) (citing § 769.8). Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 666 N.W.2d 231, 237 n.7 (Mich. 2003) (citing § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the maximum sentence set by statute. *Claypool*, 684 N.W.2d at 286 n.14. Michigan's indeterminate sentencing scheme is unaffected by *Blakely* because indeterminate sentencing schemes do not infringe on the province of the jury. *See*

*Blakely*, 542 U.S. at 304-05, 308-09. Thus, the trial court's calculation of Petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007).

In conclusion, Petitioner's motion to amend his petition will be denied because any amendment to the petition would be futile in light of the fact that this Court cannot grant habeas relief to Petitioner on these claims. *See Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1000-02 (6th Cir. 2006).

V

Based on the foregoing, the Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. When a district court denies a habeas petition on procedural grounds, the petitioner must also demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Id.*

A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). For the

reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right or that the procedural ruling is debatable. The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [Dkt. # 1] is **DENIED**.

It is further **ORDERED** that Petitioner's motion to amend the petition for writ of habeas corpus [Dkt. # 15] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and that Petitioner is **DENIED** leave to proceed in forma pauperis on appeal.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 30, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 30, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---